Would the attorneys that are going to argue please step up, identify yourselves for the record. Good morning, my name is Jean Agathon, I'm an assistant public guardian. Good morning your honors, Elizabeth Butler on behalf of the appellant. Good morning, assistant state attorney Nancy Kasicki on behalf of the people. We didn't file a petition for a re-hearing, we didn't adopt a petition for a re-hearing, and we don't intend to argue this. Oh you are. Jean J.E.A.N. last name A-G-A-T-H-E-N. And Ms. Butler. Butler B-U-T-L-E-R. All right. All right, before you take your seats, each side will have approximately 15 minutes to present arguments, and from that, Ms. Agathon, you may save some time out for rebuttal. Thank you. All right. Yes, I would like to reserve two minutes for rebuttal. Okay. May I please introduce the court? My name is Jean Agathon, and I represent 9-year-old Jamari R. Thank you for the opportunity to present argument on our petition for re-hearing. This court's September opinion could have very negative consequences for the clients of the public guardian, because the effect of the court's analysis of BAC home loans is to provide parents the opportunity to sit on their arguments, sit on their claims, their defenses, for a very long period of time, and to raise those for the first time on appeal. That prolongs the resolution of our clients' cases far longer than necessary. Ms. Agathon, you agree that the orders in 2007-2008, the publication was ineffective with regard to the father, is that correct? We do not agree with that, Your Honor. Okay. We do agree there was an error. Whether that error was sufficient to make service ineffective is still something we would disagree with. Based on, you agree that the names were incorrect in all publication orders, correct? There was an extra letter, correct, in the publication notice. And the letter did that. However, it's important to recall that the first, the mother's first name was correct in both publications. And that the father, there's evidence in the integrated assessment that the father knew her by her first name. Not her last name? It's silent on that, Your Honor. He was asked when he came to court for the paternity test after he had been appointed an attorney in June of 2014. He asked why he was there. And his appointed attorney said, well, you're here for a paternity test. And he said, well, you're kidding. Who's the mother? And the attorney said, well, do you know a Chevelle? And according to the integrated assessment, his answer was, well, yeah. But I haven't seen her in years. So he did know her by her first name. We don't know if he knew the last name. But in any case, Your Honor, they had a rather short relationship. It's not clear if he did know her last name. And Well, the order that entered, that was entered during the years of 2007 and 2008, if the publication was not sufficient, again, we're not conceiving that. Yes. And you didn't conceive that originally. Correct. In our view, there was substantial compliance with the publication requirements in the Juvenile Court Act. But isn't publication always something that has been, you know, a requirement strictly? Because it's the last method of service. It's the least, you know, effective in terms of getting the person before the court. Hasn't it always been strictly construed, publication notice? It's interesting, Your Honor, when you look at all the cases, including the cases that the father's attorney has cited, there is always a lot of language about strictly construing the requirements for publication. When you look at the cases, that seems to primarily pertain to doing a diligent search. We're not going to, the courts have said, we're not going to let you get away with doing a diligent search. Oh, okay. In this case, if the publication had the correct name and the father really only knew her by her first name, that that would have never really, well, maybe it would have jarred some memory. I don't know. Correct. Correct. It's a little speculative. But our argument is essentially, as far as the publication goes, that there was substantial compliance with the requirements of the Juvenile Court Act. The Juvenile Court Act, unlike tax codes, which do often specify that, properties have to be identified specifically. Trust accounts have to be identified very accurately. We've cited case line, our filings, that the names, you know, information was off. Well, it was really off in this case, because you had not only the minor's first name wrong, but you continually, and I'm not saying you, but the mother's name was continually wrong. Your Honor, the presumption... After multiple suggestions to the... Correct. And we're not pretending that there was not an error. There was an error. What is your best and your strongest argument is that this court actually lacks jurisdiction, because the notice of appeal in this case was directed to the termination of parental rights, nothing else, and certainly not the orders of 2007 and 2008. Absolutely correct. Aren't we supposed to interpret the notice of appeal liberally? Yes, you could say that. However, Your Honor, where it's an error of substance and not of form, you can't just interpret a notice of appeal as meaning anything. I mean, there's a Supreme Court case, for example, I believe it's The usual way this comes up, of course, is with a late filing of a notice of appeal, and in that case, there's just no discretion. Right. It's a very strict rule. This case doesn't really hinge on the timing. It hinges on whether that notice of appeal was suggestive of an appeal of earlier orders, but your argument is that those earlier orders actually are not appealable at this point, or weren't when he filed his notice of appeal, because the notice didn't include those. Yes, Your Honor. Yes, go ahead. I'm sorry. Go ahead. I don't mean to cut you off. It's actually not, the jurisdictional argument is not about timing. We are not claiming that he could not have chosen to state on the notice of appeal that was entered in 2016, he could have said, I am appealing adjudication that was entered in 2007, and disposition that was entered in 2008, as well as termination of parental rights. But doesn't the termination of parental rights, you have to have those two orders from 2007 and 2008 to get to termination. You can't get to termination without those two. So doesn't his argument, you can't terminate me because those two orders were defective because there was no jurisdiction. Doesn't that bring the whole house of cards down? I don't think so, Your Honor, because the 2007 adjudication and the 2008 disposition orders were final and appealable in 2008. They were a lot like cases where, for example, Bertel, the Bertel case, the Supreme Court case that everyone cites on this issue, where a preliminary determination that there was a joint venture was made, and then a few months later, a final judgment for a money judgment, $90,000, final accounting was entered, and on the notice of appeal, only the final judgment was appealed. That's okay. That's enough. He can also, the appellant can also raise issues pertaining to the earlier judgment because that wasn't final and appealable. That's the huge difference with this situation. How could he appeal something that he wasn't even aware was going on? Well, Your Honor, again, it's not a timing issue, and I realize it's But is that about timing? No. Are you saying when he came in, when he finally came in in 2014, he could have raised that issue with the court? Correct. He was appointed an attorney in June of 2014 who presumably had access. It was not his appellate attorney, but he had a trial attorney for the termination of parental rights proceeding. She presumably had access to the file. She could have looked for the validity of service. Was he even interested in the restoration of his parental rights at any point in the trial court? Well, Your Honor, he was represented by an attorney. He was represented, but I don't remember, and correct me if I'm wrong, there was any allegation that he even said, I'm not ready for this. I'm, you know, I just want to have some contact with him. He was never looking to be a parent, correct? You're right, Your Honor, basically because he was imprisoned. He testified himself at the best interest hearing that he was happy that this child was with such good foster parents who were taking such good care of him. He said he rested well at night knowing that this child was in a good foster home with people taking good care of him, and his primary interest was in being able to maybe, you know, get to know Jamari at a later point, but he himself said, I realize I'm in prison. I can't take care of him or any of my other children. Is it the Juvenile Court Act or the Adoption Act that actually allows a parent whose parental rights have been terminated to come in later and subsequently challenge that? I believe it is the Juvenile Court Act, Your Honor. Are you familiar with those provisions? I relatively knew, but not that much. But it actually allows a parent who has had his or her rights terminated to come in sometime later and actually ask for the court to reverse the previous order of termination. Right. That is correct, Your Honor. But you don't know the grounds or, well, it's not really something that's in the briefs, but it is there. It is there, Your Honor. That's correct. Why don't you tell us about the main case you're relying on in Ray-Leona. Don't you use that, in Ray-Leona, W? In Ray-Leona. Yes, Your Honor, we do. And we do rely on that case. I'm sorry. It's at the moment. Well, it's really part of your argument that there was a final order. It wasn't in the designated notice of appeal. And it was in the final order. I thought that was the case you were really relying on for a purpose of indicating to us that he can't challenge the order at this point. Correct. That is correct. Because it was a final judgment. The adjudication and disposition were a final judgment. So that's correct. The Supreme Court said in that case that the First District, this Court, could not reach back to adjudicate the order. But that was not a jurisdictional defect like we have here. And the problem that I see with this case is that if we take it that the defects in the publication did not confer jurisdiction over the father. We have an order which was entered without jurisdiction. We don't have a jurisdictional person.   It's not a jurisdictional order. I think there's a century of cases that say if you don't enter an order without personal jurisdiction, it's void. And can be attacked at any time by a court that does have jurisdiction. Only if that court has jurisdiction with that caveat. That's correct, Your Honor. But in answering your question, Your Honor, our main non-jurisdictional argument is the Lapchus argument that this case didn't stop in 2000. Let's go back for a second. If we agree with you and say this court didn't have jurisdiction, what's to keep him from filing a 1401 petition to say it? Well, Your Honor, I believe there's case law that says if you had an appeal and you didn't raise the issue Well, you didn't raise it because you don't have jurisdiction over the argument you're saying. Because of the faulty notice of appeal? I don't think there's anything that would prohibit him at all from filing a 1401. Well, Your Honor, I can't Well, I mean, it's certainly possible because under 1401 there's no time limitation if it's void. The requirements of due diligence, meritorious defense, all of those fall by the wayside if the order's void. And the appropriate place to bring that would be in the juvenile court, actually, if it's brought anywhere. So I don't know that there's any real barriers, but that's not something we're... But it's possible, just like the statute allows for a parent whose rights have been terminated to subsequently petition the court to vacate the order terminating those parental rights. This is a parent who's argued on appeal, or actually the record indicates in the trial court, that he really wasn't contesting the fact that this child belonged in a stable home where he had been for how many years? That's correct. His status, where he was going to be, was already in its eighth year? Well, he was born in He has been awarded a tort since the fall of 2008. He's been in this particular foster home since December of 2012. So going on four and a half years, he wants to be adopted in the home the foster parents want to adopt him. And this situation of uncertainty with the adoption is... It is something that he wonders about. There's evidence in the record that that's concerning. You didn't raise latches for the first time on the petition for rehearing. They allege that you can't raise it now. Well, Your Honor, two answers to that. One of the main arguments in our brief was forfeiture and waiver. We did not, it is true, use the term latches. But there is an argument in there, I believe it's at page 34 of our brief, our appellee's brief that essentially said the father had a very long time during the termination of parental rights proceedings to raise this issue and he did not raise it and he had every chance, unlike the defendant in the BAC home loans case which didn't involve the issue of latches at all because the defendant in BAC home loans came in 30 days after the judgment was entered within 30 days, didn't involve latches at all and essentially my request to the court on the latches issue is to recall that this case didn't end in 2008. The father was brought into the case in 2014. He sat on this argument for two years. How can you say that the orders that the juvenile court entered in 2007, 2008, how can you argue that those were not orders that were, what's the terminology called into question once the termination order was entered? That those were not steps leading up to the termination? How can you argue? Argue that they were not steps? Yes, yes. How can you say they really weren't steps leading up to the order? And then our jurisdiction would automatically allow us to review all of those orders that brought into play the final order of termination? The main reason is they were separate final and appealable orders. Were they final or were they appealable? I'm sorry? Well, both in the terminology. Because you could have a dispositional order on what you're going to do with minor and never go to termination. That's absolutely correct, Your Honor. But is the right to appeal lost if it's not taken when that final order is entered? Well, in a normal circumstance, yes. But, however, it is true that if a party is arguing that a judgment was void, then obviously there is no time limit on bringing that argument. For example, under 214.01, they're not required to bring it within two years if the argument is that the judgment was void. But those were, adjudication and disposition were final and appealable orders. They were not merely steps in the progression. The petition for adjudication of wardship that was filed in 2007 did not ask for the termination of parental rights and say, first we have to do adjudication, then we have to do disposition, then we'll get to the real goal here, which is termination of parental rights. It wasn't clear until February of 2014 when the termination of parental rights petition was filed that that was going to be the goal. It's not foreordained. As in, for example, the Bertell case where the complaint gets filed asking for a money judgment and the finding that there was a joint venture is just one of the steps that's necessary to get to the final relief that's requested in the initial petition. That's not the case here. The initial petition just requested an adjudication of wardship. But in that adjudication of wardship, isn't it correct that the petition alleged that the child should be made a ward of the court based on both the father and the mother? That the lack of whatever, I don't know the actual basis, but the father was named in that adjudication and disposition order, wasn't he? Yes, he was. I'm sorry to interrupt, but of course at that point his identity wasn't known so he was not named because his identity wasn't known yet. His identity wasn't revealed as one of the two potential fathers until February of 2014 when the mother was first brought in on the petition. But is it possible to terminate a parental right without having a previous disposition and adjudication of one of the parents forgetting that we have two here? Right. Well, Your Honor, the third district has a few cases that say it's not necessary, but I believe the majority of districts would say yes and I believe this court would say yes. It is necessary. However, I don't think that's dispositive of the jurisdictional issue because even though they may have been necessary prior rulings, they weren't merely steps in the procedural progression and they were final and appealable on their own. The case may never have gone further than that as Your Honor pointed out. But again, we believe that if the court looks at the entirety of this case the fact that the father was appointed an attorney in June of 2014 never raised this personal jurisdiction argument. Well, before there was always numerous, we had to redo the publication a couple of times because errors were pointed out. That's correct, Your Honor. So if we want to enforce diligence and getting parties' notice wouldn't that goal be better served here when we have repeated warnings this is misspelled and you go back and you misspell it again and publish incorrectly again? Wouldn't it be better to enforce it by making a finding that was inadequate? We're certainly not arguing that the court should encourage inaccuracies in service by publication and as I've said, we're not disputing the fact that there was an error in the publication, in the spelling. However, we're not conceding that that was not substantial compliance with the Juvenile Court Act and above all, I would ask that the court remember this is a child protection case where the main goal of all proceedings is supposed to be achieving the best interest of the child. How did you distinguish the cases for purposes of substantial versus strict compliance with publication again? I think the majority of the cases where they talk about strict compliance have to do with making sure that a diligent search is done. We're not going to just let somebody as in the Darcy opinion in the Illinois Supreme Court 2011 I believe said well you had addresses for the father you sent letters but you never even tried to find him you knew who he was why didn't you try to do anything to find him and then it turns out a different division had actually made contact with him so there was no diligent search done there the courts tend to be very strict on getting the diligent search done we're not just going to have a pro forma thing but also many of those cases arise under the tax code where there is a specific provision in the tax code various kinds that say strict compliance is necessary here there's no such provision in the juvenile court act to the best of my knowledge and in fact section 1-2 says that the act is to be construed liberally to achieve its purposes and policy and one of the main goals of the juvenile court act is to achieve the child's best interest I'm not saying that means any old thing goes as far as publication goes but where it's a question was the spelling of a name that frankly this was I ask the court to recall this was not the father's own name that was misspelled this was someone else's name whether he heard the last name whether he knew the correct spelling I think that's crucial even Sonin's rule applies here we're going to give you some time for rebuttal unless either of the justices and now we'll hear from Ms. Butler may it please the court on behalf of the appellant, the father I ask that you deny the GAL's petition for rehearing and I hope to address all of the issues that were raised by your honors Ms. Butler, before I forget and get lost in your argument the notice of appeal doesn't include the 2007-2008 order so if we find that those were final and appealable and we don't have jurisdiction on them is there any other basis to attack the termination order if your honor were to go and I would like to address that if your honor were to find that I'm sorry, could you so let's say 2007-2008 orders which let's say we find that there's not a sufficient basis to find there was jurisdiction confirmed on the father that the publication was defective so 2007-2008 orders which is what you're contesting the final termination order on that the basis of the termination order the trial court never had jurisdiction so if we find that those two orders were never included in the notice of appeal is there any other basis to attack the termination order I think it would be the 214-01 but he could do that in the trial court correct your honor and that was the first issue that I wanted to raise as to the notice of appeal and the sufficiency of the notice of appeal the supreme court rule 301 says you initiate a notice by filing a notice of appeal no other action is jurisdictional and the case cited by the GAL says that notices of appeal are to be liberally construed and the main purpose of a notice of appeal is to notify the parties that the appellate is seeking review in a higher court and the court recognized that there could be instances when there may be a disadvantage to the appellate because an unspecified order is not included in the notice of appeal but how they look for that is whether the appellate is objective to the scope of the appellate's brief at the time of briefing and in this case as well as in the trial they said the appellate fully briefed or fully responded to the appellate's brief and therefore we're not going to find that there was some undue or disadvantage to the appellate based on what was written in the notice of appeal but aren't there numerous cases though that state that when there are orders that are not necessarily procedural steps leading up to the judgment that the court is actually reviewing on appeal that the court is it inaccurate but all these decisions that say we don't have jurisdiction to review these earlier orders because they were not procedural steps leading up to the actual judgment on appeal which in this case is the termination order well in some cases the orders that are being appealed or trying to be reviewed under this notice of appeal are so diverse that the court says we're not going to consider these orders and we're not going to include them and I believe it was in I think they all say we don't have jurisdiction I think they say it wasn't a procedural step leading up to the final order therefore we don't have jurisdiction to go back 6, 8, 7, 10 years and review an order that was not leading a procedural step leading up to the final judgment order that was appealed in this court are they wrong when they say we don't have jurisdiction no they're not wrong but that's not what we have here because as this court noted in its opinion the circuit court took judicial notice of adjudication and dispositional hearings prior to the termination of parental rights during that hearing section 221 of the juvenile court act says at the adjudication hearing the court will determine whether or not a child has been abused or neglected after that within 30 days the court shall hold the dispositional hearing the parties may waive the 30 day time limit but the court is required to hold that hearing in the Tiana L which was recently decided by the first district really highlights the procedural steps and the limitations really that the court has on the one hand it has the authority granted but also the limitations as to what it can do and when Ms. Butler did the father in this case ever assert anywhere that other than on appeal that he actually wanted to be a father I mean other than sending two birthday cards he's in jail during class X time how is it even possible there was no services that were offered in the jail how is it even possible that he could be a parent let's forget all the procedural stuff for a minute let's get to the end game is there any way that this man could possibly parent this child well your honor the father was appealing his criminal conviction under people versus burns he's still in jail now right yes but the judge waited for that and that is significant because after the close of the termination excuse me the testimony the unfitness hearing the court was very reluctant to terminate father's rights the court acknowledged that the child had an adjustment disorder the court acknowledged that the child had a sense of feeling abandoned by the father the court waited for two months he said I want a status on the criminal case I guess the transcripts would be in order so he said I want to wait two more months and finally he said I can't keep this open any longer I have to terminate sure and one of the reasons he couldn't was because the best interest of that child was at stake just as it is today so let me ask you this the father has not argued the merits of the termination he has essentially conceded that he thinks it's in the best interest of the child for the child to be placed with the family he has been with now for a number of years how can you possibly say that the doctrine of laches should not apply in this case when the respondent father is basically saying he doesn't think the child should be removed how can you argue then laches should not prevent this court from entering an order that fixes the stability of the child especially in light of the fact that he possibly has another remedy under 1401 but he has a remedy to petition the court later under the juvenile court act to vacate the termination of his parental rights how are we acting in the best interest by not going along or at least agreeing with the guardian regarding the doctrine of laches before I forget I would ask the opportunity to brief on that provision which allows a parent to come back into the court putting that aside let's forget that just talk about laches and tell us why the best interest would not suggest to this court that the doctrine should be applied forget about his ability later as to laches there can't be a finding and there has to be they say there are two elements one is undue delay and asserting the claim the testimony presented was that the father had no idea that he was the father of Jamari what was the first thing whether there is undue delay and asserting the claim the father was represented by an attorney the attorney was present when the notice of publication was out but he was represented for a year and a half prior to the termination correct so he is supposed to know what is in the court file so if he is charged with what is known in the court file and we recognize that the jurisdiction does not go back shouldn't he at this point say wait a minute there is no jurisdiction I would say under laches the issue is did the father assert or protect his claim the father participated in the termination of parental rights he did not delay in attempting to protect his parental rights we could go around in circles about that the fact of the matter is that this child this person never even knew he had this child for years even though he was familiar they talked on the phone texted or hooked up the question here right now we are delaying the best interest how can you say that the doctrine shouldn't be applied to send this back to the juvenile court on an issue of a termination when he has conceded that the best interest of that child are not served by vacating the termination I would say refer to the circuit court reluctance to terminate father's parental rights what hasn't been raised in this discussion is the other issue the right of the father to parent the right to parent is a fundamental constitutional right you are not simply infringing you are severing that right don't the cases recognize that the best interest of the child are also equally on par with that parental right yes there is a balancing you keep both of them you consider both of them I would refer to in me Darcy certainly there was a situation where the father lived with the children for a period of time when the mother moved away he lost contact he was in and out of mental health facilities there was a question of whether or not the father would be able to parent yet the Supreme Court said we are really bothered by the fact that when the state had information to locate the father they knew where the father was in fact one division had talked to the father yet another division we don't know their location they were so bothered by that services defective termination of parental rights that was a case where the Supreme Court didn't look to see the capacity of the father the findings of fact really established that there were problems with the father's willingness and ability to parent but the Supreme Court was so bothered by the fact that when the state's attorney had the information they needed to get the best service possible they didn't basically what we have is the state's attorney repeatedly being told this is how the name is spelled on more than one occasion they still got it wrong disturbing was after the first notice of publication came back and the attorney was told this is the wrong name they still asked the court for a default judgment one of the arguments council has made regarding publication is this the cases interpreted strictly that's sort of a different animal here we have a situation where we have a woman who for years is not certain who the father is I don't think she was being disingenuous or not candid I think she started to develop an idea that there were two men who could have been the father I'm not questioning her in terms of her ability to recall or place before the court the name of the father and at some point she did and she said it's got to be one of these two men so she was able to finally pinpoint it and so then he's actually the test is done he is the father he's in the court there's a termination proceeding going on then you have a father who's not aware that the one time he had sexual relations with the mother that actually resulted in the birth of a child and he wasn't even sure what her last name was so we have a situation that's not really uncommon at all it crosses all lines it doesn't really have anything to do with economic status or anything it does happen it happens all the time to people it's been going on forever but then we have a situation like this where that interest the best interest of the child is really important and so should we go along with the guardian and say that the method of the service was substantially complied with here that we shouldn't be tied with the strict requirements of publication because we're talking about the life of a child and so was it enough when they got the name wrong when we know that hey it probably wouldn't have made a difference in terms of the father knowing that this was his child so should we go with the substantial compliance or should we adhere to the cases that have suggested publication hey it's the last way we go and we strictly complied that but here we've got a different situation if your honor would go with substantial compliance you would open up a can of worms as to what is good enough what is good enough in terms of how many letters need to be missing how we can anticipate or infer how people pronounce the name it would create a whole string of cases and in this case it was particularly defective over and over and over again after so many warnings to the courts they just never got it right did they and that is the other important point in which they didn't get it right they were given the opportunity to do the publication right they didn't now if your honors were to say well given that it's still ok the message is you don't have to try too hard to get publication and probably in all cases where it should be required is in the termination of program exactly your honor and also this is not by cases of contract or personal injury where you always know 99% know who the defendant is while not every case that comes in there is a service by publication but it's not uncommon so the effect of this court saying we're going to allow for constructive service basically would open up a Pandora's box and it's a slippery slope correct and also going back to Ennemy Darcy the courts did acknowledge now that came up on a 214.01 petition and they said even though there needs to be a showing by the petitioner of meritorious defense and not negligence given the constitutional rights at issue we're really not going to consider those and also there was reference in that opinion as well given the constitutional rights at issue we're not going to settle for constructive service anything you want to add referring to Ennemy Ennemy Miller and referring to Eckford versus Benso there are references and also Ennemy Tequila Elf there are references to the posture of the case when Latches is being raised the reviewing courts have acknowledged the finality of an adoption and that once you have the finality of adoption in a stable legal home then they are reticent to apply Latches however this is not the situation that we have here as the GAL correctly pointed out for the first four and a half years the minor was not in a pre-adopted home he was in a more stable placement than a dad who's in jail and a mom who's in and out of jail and a drug addict for the last four and a half years he was with a foster home initially that was a family placement and then the family member got arrested but ever since then he's been in a more stable environment than he would be and so this the reviewing courts have held significance the status of adoption and we're at this point we're not at that point the adoption has not been finalized it is pre-adopted alright thank you brief recall council argues that a Pandora's box would be open or a can of worms it's already open this is the kind of issue that gets litigated all the time this would not be opening any big Pandora's box they republished three times and they still never got it right so what's the line ok we never got the name right we never got the name right again the likelihood of him reading it I don't think that's a big topic in Cook County Jail I don't but that's not the point the point is that we have these rules for a reason and the rules are there for the protection of everybody and if we start letting this slide there is a slippery slope however I haven't found a single case where a name misspelling by one letter invalidates everything I think that's really important the father has not cited a single case where that has been held to render service insufficient the Michael V. Mace case says basically you look for substantial compliance section 1-2 of the Juvenile Court Act says the provisions of the Juvenile Court Act should be construed liberally to achieve the purposes of the Juvenile Court Act which is namely the best interest of the child and to the extent that what we are arguing about we are discussing whether the service provisions of the Juvenile Court Act were sufficiently complied with that's the legislature's instruction that the provisions should be construed liberally and again counsel hasn't cited a single case where a spelling that's off by one letter invalidates it she did cite Theodore Kakos versus Kogut which involved a suit against a trust account and there the trust number was off by one letter and this court held that that invalidated the summons but when you read that opinion it says right the summons was not valid because this was a trust account it was a number it says right there in the opinion names are different it was a summons case correct getting back to the jurisdiction of the court to hear the dispositional order and the adjudication order that issue was raised for the first time on your petition for re-hearing aren't there cases that hold where you're dealing with appellate court jurisdiction that can be waived by failure to raise it at the first opportunity my answer to that is most fundamentally the supreme court has said that the appellate court has the obligation to review its own jurisdiction jurisdiction can be waived I don't believe jurisdiction if there's a case that says this court can overlook its lack of jurisdiction I'm not aware of that other issues perhaps this court can your argument is not about a timely notice of appeal it's that the notice of appeal that was filed didn't alert this court or you that they were challenging the previous judicatory and dispositional orders correct it's also a question of establishing jurisdiction in this court to review earlier I hope I didn't misunderstand whether we can hear this issue if he's in court on that one issue we have to decide how far that goes whether a limitation was waived I think we got it covered I would simply ask that the court recall that there has been the record does contain evidence that as long as nearly two years ago Jamari was waiting to be adopted and that the delay that's been caused by the father's failure to notify this issue when he could have nearly two years ago has truly caused harm to Jamari I want to state for the panel that the case was well argued well briefed we're going to take it under advisement we appreciate your comments today we're going to take a short recess to reconfigure for the next case